Jacqueline Finley O'Shea, et al. [1] v. Commissioner. O'Shea v. Commissioner
Docket Nos. 54199-54205, 54209.
United States Tax Court
T.C. Memo 1957-15; 1957 Tax Ct. Memo LEXIS 236; 16 T.C.M. (CCH) 75; T.C.M. (RIA) 57015; January 28, 1957
C. E. Ram Morrison, Esq., Republic Building, Oklahoma City, Okla. and Phil Daugherty, Esq., for the petitioners. Charles J. Sullivan, Esq., and Francis S. Gettle, Esq., for the respondent. MULRONEY Memorandum Opinion MULRONEY, Judge: Respondent determined deficiencies in income tax and additions to the tax as follows: Addition to
Dkt. No.
Petitioner
Year
Deficiency
Tax Sec. 293(b)
54199
Jacqueline Finley O'Shea
1946
$ 630.57
1947
5,281.13
54200
Dan M. O'Shea
1946
573.21
1947
5,338.13
54201
Dan M. O'Shea and Jacqueline Finley
O'Shea
1948
1,275.38
54202
Robert Wesley Finley
Determination per statutory notice of deficiency: 1946
$34,591.60
$15,394.20
1947
74,076.93
35,558.62
1948
37.00
0
1949
1,480.27
0
Redetermination per amendment to answer: 1948
3,272.67
54203
Harry L. Berry
1946
741.64
1947
4,936.54
54204
Irene Dick Berry
1946
741.64
1947
4,936.54
54205
Harry L. Berry and Irene Dick Berry
1948
1,307.64
54209
Dick L. Berry
1946
4,327.55
1947
19,233.17
1948
2,958.84
*237 The issues presented are as follows: 1. Were Harry L. Berry, Dick L. Berry and Charles A. Liming partners in the Finley-O'Shea Construction Company during any of the fiscal years ending July 31, 1946 through 1950? 2. Alternatively, were certain deductions for salaries paid by the Finley-O'Shea Construction Company to Harry L. Berry and Dick L. Berry in the fiscal years ending July 31, 1946, 1947 and 1948 properly allowed? 3. Was a portion of the distributable income from the Finley-O'Shea Construction Company charged to Dan M. O'Shea and R. W. Finley properly includible in the income of R. E. L. Finley and Jerline Dick Finley? 4. Were certain payments by the Finley-O'Shea Construction Company to Charles A. Liming in the fiscal year ending July 31, 1947 for alleged engineering services properly disallowed? 5. Were the amounts of $9,500, $47,203.26 and $514 deducted by the Finley-O'Shea Construction Company in the fiscal years ending July 31, 1946, 1947 and 1948 as subcontract expenses properly disallowed? 6. Were certain alleged job cost deductions by the Finley-O'Shea Construction Company of $2,306.25 and $1,125 in the fiscal year ending July 31, 1946 properly disallowed? *238 7. Were certain unsubstantiated travel expense deductions by Finley-O'Shea Construction Company of $1,020 and $650 in the fiscal years ending July 31, 1946 and 1947 properly disallowed? 8. Was an expense deduction of $765 by the Finley-O'Shea Construction Company in the fiscal year ending July 31, 1947 properly disallowed? 9. Were certain deductions by the Finley-O'Shea Construction Company in the fiscal years ending July 31, 1947 and 1948 in the amounts of $1,375 and $255 properly disallowed? 10. Were certain unsubstantiated travel, entertainment and automobile expenses deducted by R. W. Finley, Dan M. and Jacqueline Finley O'Shea, Harry L. and Irene Dick Berry, and Dick L. Berry in 1946, 1947 and 1948 properly disallowed? 11. Were the amounts of $9,500 and $1,995, allegedly returned by the subcontractor Roy "Tex" Baughman to R. W. Finley in 1946 and 1947, properly includible in the income of R. W. Finley for those years? 12. Were certain deductions claimed in 1948 by the Rail Fence Operating Company for alleged purchases of supplies properly disallowed? 13. Were the losses sustained by the Rail Fence Operating Company in the years 1947 and 1948 deductible in their *239 entirety by R. W. Finley? 14. Were the 1946, 1947 and 1948 losses claimed by Harry L. and Irene Dick Berry in connection with the operation of a farm at Arcadia, Oklahoma, properly disallowed? 15. Was any part of the deficiencies determined by the respondent in the income tax of R. W. Finley for the years 1946 and 1947 due to fraud with intent to evade tax? It has been agreed by the parties that the determination of this Court in R. E. L. Finley, T.C. Memo. 1957-16, filed under this same date, with respect to the issues involving the Finley-O'Shea Construction Company and the operation of the Rail Fence motel will be determinative of the related issues in these consolidated proceedings. We incorporate by this reference the relevant findings of fact and determinations in the related case, R. E. L. Finley, supra. Still remaining for our consideration are issues 10, 11, 12, 13, 14 and 15. Respondent, by amendment to his pleadings, claims in Docket No. 54202, that the amounts of $9,500 and $1,995 were includible in the income of R. W. Finley for those years. The burden of proof on this issue was on respondent. The respondent showed that these amounts represent *240 payments made by the Finley-O'Shea Construction Company in those years to its subcontractor, Roy "Tex" Baughman, as alleged subcontract costs. The respondent showed and we found in R. E. L. Finley, supra, that these amounts were returned by Baughman to R. W. Finley in those years and deposited by R. W. Finley in his own checking and bank accounts. R. W. Finley explains the $9,500 payment as a part of an arrangement whereby Baughman advanced money for the purchase of certain Government surplus equipment under R. W. Finley's veterans' preference. It is admitted by R. W. Finley that no such surplus equipment was ever purchased. We are convinced the respondent met his burden on this issue. We hold that the amounts of $9,500 and $1,995 were properly includible in the income of R. W. Finley for the years 1946 and 1947, respectively. Respondent argues that a part of the deficiencies determined by him in the income of R. W. Finley for the years 1946 and 1947 was due to fraud with intent to evade tax. Respondent must prove fraud by evidence that is clear and convincing. Arlette Coat Co., 14 T.C. 751. Respondent lays great stress on the fact that R. W. Finley did *241 not report in his income for 1946 and 1947 the payments received by him in those years from Baughman in the amounts of $9,500 and $1,995. Respondent has the burden of proving fraud with evidence that is clear and convincing and we cannot say that he has done so. The difference in the burden of proving as to the two issues consequently results in our sustaining the respondent in including the disputed amounts in R. W. Finley's income and in holding against the respondent on the fraud issue. Another issue concerns the proper allocation of the losses from the operation of the Rail Fence Operating Company during the years ended December 31, 1947 and 1948. Respondent argues that the Rail Fence, a motel, was operated by FOSCO as a partnership asset and that consequently the losses are properly allocable to the FOSCO partners. R. W. Finley claimed the entire losses for both years. We agree with the respondent. The investment in the Rail Fence, amounting to more than $200,000, was recorded on the FOSCO books and the various partners in FOSCO participated in the operation and in the financing of the Rail Fence. We are convinced from the evidence and from the implications in the conduct of *242 the FOSCO partners that the Rail Fence was operated by FOSCO as a partnership asset and that the losses for the years 1947 and 1948 should be allocated accordingly. Respondent disallowed the amount of $5,243.85 claimed by the Rail Fence Operating Company for meat supplies purchased by it. There was testimony to the effect that R. E. L. Finley purchased all the meat used in the operation of the Rail Fence. It was the practice for the Rail Fence Operating Company to issue checks to R. E. L. Finley, who personally made the meat purchases. Respondent, in his brief, argues that 20 of the 24 checks payable to R. E. L. Finley were for "round amounts"; that the invoices do not substantiate the 28 disputed checks because of the discrepancy between the amounts of $5,243.85, which is the total amount of the checks, and $5,368.31, the total amount of the invoices; and that only 10 of the checks, amounting to $2,041.38, payable to R. E. L. Finley and cashed, contained the endorsements of a vendor from whom meat was allegedly purchased. We have examined the evidence before us and find as a fact that the entire amount of payments claimed by the Rail Fence Operating Company for meat purchases was *243 valid. We are not persuaded that the minor discrepancy, emphasized by the respondent, or the fact that only a portion of the disputed checks were endorsed by a vendor of meat, indicate otherwise. Harry L. and Irene Dick Berry claimed losses in 1946, 1947 and 1948 in connection with the operation of a farm at Arcadia, Oklahoma. The Commissioner disallowed them. There is no indication that this farm was operated as a trade or business, or for profit, in those years. Respondent argues that these losses were properly disallowed under section 24(a)(1) of the 1939 Internal Revenue Code, which prohibits the deduction of any portion of the expenses of a taxpayer which are personal expenses. We sustain the respondent in his disallowance of these losses. Respondent disallowed one-half of the automobile expenses claimed by R. W. Finley in the years 1946, 1947 and 1948. No evidence is offered to overcome the presumption of correctness in respondent's determination, and we sustain the respondent. R. W. Finley also claimed deductions for travel and entertainment expenses amounting to $2,600 in 1946, $4,800 in 1947, and $1,390 in 1948. These deductions were disallowed by the respondent in full. *244 These deductions are not substantiated in any manner except for general testimony to the effect that estimates were made each year of the expenses so incurred. R. W. Finley, it is clear, was active during these years in the affairs of the Finley-O'Shea Construction Company and the Rail Fence Operating Company, and we are convinced that he did incur some expenses for travel and entertainment. Using our best judgment, we find, and so hold, that R. W. Finley is entitled to deductions under section 23(a) of the Internal Revenue Code of 1939 for travel and entertainment expenses in the amounts of $750 for 1946, $1,250 in 1947 and $500 in 1948. Frederick S. Klein, 25 T.C. 1045; Cohan v. Commissioner, 39 Fed. (2d) 540. Harry L. and Irene Dick Berry claimed deductions of $1,300 in 1946, $3,346.96 in 1947 and $1,833.09 in 1948 for travel, entertainment, automobile depreciation and operating expenses allegedly sustained by Harry L. Berry in connection with the Finley-O'Shea Construction Company and his independent operations. Respondent disallowed these deductions. No substantiation is offered for these amounts by Harry L. Berry or his wife. They merely made estimates *245 covering their expenses over these years. We are persuaded that a portion of these expenses was actually incurred by Harry L. Berry in connection with his business operations for those years and, using our best judgment, we find, and so hold, that Harry L. and Irene Dick Berry are entitled to deductions of $650 in 1946, $1,000 in 1947 and $750 in 1948. The disallowance of the remaining portions of these deductions for these years by the respondent is sustained. Cohan v. Commissioner, supra. Dick L. Berry claimed deductions for travel, entertainment and automobile expenses of $1,914.30 in 1946, $4,800 in 1947 and $1,390 in 1948. These expenses were disallowed in their entirety by the respondent. Dick L. Berry alleges that he sustained these expenses in connection with the activities and operations of the Finley-O'Shea Construction Company. These expenditures are not substantiated and are, at best, mere estimates of expenditures incurred. We find, and so hold, that Dick L. Berry is entitled to deductions for travel, entertainment and automobile expenses of $750 in 1946, $1,250 in 1947 and $500 in 1948. Cohan v. Commissioner, supra. Dan M. and Jacqueline *246 Finley O'Shea claimed deductions for travel, entertainment, automobile and other expenses, allegedly sustained by Dan M. O'Shea in connection with the Finley-O'Shea Construction Company, of $674.50 in 1946, $5,341.02 in 1947 and $2,051.32 in 1948. These expenditures were disallowed in full by the respondent. Again, we have no evidence which will substantiate these expenses which are, at best, merely estimates. There is testimony that Dan M. O'Shea made a trip to the west coast in 1947. He testified that at the time of the trip "we were in the process of building the Rail Fence, and I took a trip from here [Oklahoma City] to Denver, Salt Lake City, Sacramento, San Francisco, and down the west coast to Lower California, and back on 66 to Oklahoma City" for the purpose of "Investigating and checking various types - good, bad, and indifferent - of tourist hotels, motor courts; checking on the type of management and operation." We are not persuaded that this particular trip taken by Dan M. O'Shea was taken entirely for business reasons. Using our best judgment, we find, and so hold, that Dan M. and Jacqueline Finley O'Shea are entitled to deductions for travel, entertainment, automobile *247 and other expenses $250of in 1946, $750 in 1947 and $500 in 1948. Cohan v. Commissioner, supra. Respondent made a motion prior to the conclusion of the trial to file an amended answer to conform to the proof in Docket No. 54202. We granted this motion. Rule 17(d) of the Rules of Practice of the Tax Court. Petitioner R. W. Finley objected to such motion and renewed such objection in his brief. There is no merit in petitioner's objection. The motion was properly made during the course of the trial by the respondent. Decisions will be entered under Rule 50. Footnotes
1. The following proceedings are consolidated herewith: Dan M. O'Shea, Docket No. 54200; Dan M. O'Shea and Jacqueline Finley O'Shea, Docket No. 54201; Robert Wesley Finley, Docket No. 54202; Harry L. Berry, Docket No. 54203; Irene Dick Berry, Docket No. 54204; Harry L. Berry and Irene Dick Berry, Docket No. 54205; and Dick L. Berry, Docket No. 54209.↩